1  AARON LOOS pro per
   10002 Aurora Ave N. #36
2  Seattle, WA. 98133
   206-249-9949
3
   AARON LOOS, IN PRO PER
4

5

6

7

FILED _____  ENTERED _____
LODGED _____  RECEIVED _____

JUL 1 7 2013   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

8              UNITED STATES DISTRICT COURT

9            WESTERN DISTRICT OF WASHINGTON

10             700 Stewart St, Seattle, WA. 98101

11                     CIVIL DIVISION

12

13   In re:                          ) )   No. C13-1003-MJP
                                      ) )
14        AARON LOOS, Plaintiff,      ) )
                                      ) )
15             vs.                    ) )   COMPLAINT FOR DAMAGES
                                      ) )
16                                    ) )
17   FRANCHISE TAX BOARD, Defendant   ) )   Jury Trial Demanded
                                      ) )
18                                    ) )
                                      ) )
19                                    ) )

20                  **I. CODE REFERENCES**

21   28 U.S.C. § 1367                       Supplemental jurisdiction

22   RCW 4.12.025                           Jurisdiction

23   CAL Code of Civil Procedure § 415.30   Summons

24   CAL Code of Civil Procedure § 21007    Copies

25   Government Code § 13940-13944          Debt Discharge

26   Revenue and Taxation Code § 18501      Minimums

27   Revenue and Taxation Code § 19064      Suspension of Liability

28

29   *Loos vs. FTB*

30   US. Dist Court, Western Dist of WA

     Pending Complaint

**13-CV-01003-APP**

| | |
|---|---|
| Revenue and Taxation Code § 19551 | Interagency Intercept Collections |
| California Government Code § 12418 | Controller |
| California Government Code § 12419.3 | Offsets |
| Collection Proc Manual, § (2) 2.0.3 | Service |

## II. JURISDICTION

Plaintiff lives in Seattle, Washington. Plaintiff's address is 10002 Aurora Ave N. #36, Seattle, WA. 98133. The Defendant, FRANCHISE TAX BOARD, has its service address as 9646 Butterfield Way, Sacramento, CA 95827. Plaintiff AARON LOOS has been a resident of King County since 2009. The 2009 - 2012 taxable income period in question occurred while Plaintiff was a resident of King County. Therefore Plaintiff files this complaint in the United States District Court of Washington in accordance to 28 U.S.C. § 1367 Supplemental jurisdiction, RCW 4.12.025 and Local Rules.

## III. CASE HISTORY

December 6, 2012 the FRANCHISE TAX BOARD ordered and affected a levy against the personal bank account of AARON LOOS. The entire sum total of his account was attached and levied, $35. MR. and MRS. LOOS were in Connecticut during November and received no constructive notice of any kind. MR. LOOS called the FRANCHISE TAX BOARD on Monday of the next week. The phone number on the web page for the Taxpayers' Rights Advocate, 800-883-5910, connects you to a collection representative. The collection representative explained that the reason for the levy was for unfiled taxes over the last 10 years. The unknown lady collection agent stated that she would not provide a written list, an email, or a confirmation of any sort so that the LOOS' can resolve this tax problem. The levy was temporarily released; but the representative said that they might reattach a levy in the future.

*Loos vs. FTB*

US. Dist Court, Western Dist of WA

Pending Complaint

## IV. MISREPRESENTATION OF FACTS

1. The FRANCHISE TAX BOARD collection representative says that their computer shows 2 notices delivered in the month of August and 2 in the month of November 2011. This does not follow their own requirements of constructive notice that is found in the published Collection Procedures Manual, Section 2. RESPONSIBILTY SECTION 2.0.3 in which they state "Service does not take place until such time as the Notice and Acknowledgement of Receipt is signed and returned." They state this is necessary for any legal process. The FTB uses Code of Civil Procedure § 415.30 to bolster their requirement for acknowledgement and receipt. They request personal service; but they cannot provide a third party proof of service for any of the four mailings they declared.

2. The FRANCHISE TAX BOARD representative states that MR. LOOS did not file personal taxes for several years since 2001; but the FTB will not provide a written list of years or amounts required. On the other hand, the representative did state that several of the years were below the filing limit. Now you see why a written statement would be helpful and it would be what the Code of Civil Procedure § 21007 requires.

3. The FTB erroneously uses *The Appeal of Thomas T. Crittenden,* 74-SBE-043, October 7, 1974 to state in its Delinquent Filing Penalty Legal Notice that "The taxpayer bears the burden of proof on a claim that a delinquent filing penalty... should not be imposed". The cited case is for a tax credit. The Appeal that was overruled was for a tax credit that was filed late; yet the FTB has applied the whole case to be a doctrine of penalties. This is gross misrepresentation.

## V. INCORRECT PROCESS

1. The FRANCHISE TAX BOARD provides their employees with an annual procedures manual. **Under the warrants section, the process is explained.**

2. According to the Procedure Manual, we have been eligible for discharge for 7 out of the 8 reasons that they have listed. The only one that MR. LOOS does not qualify for is "deceased". FTB claims that they have notified MR. LOOS repeatedly, they have

attempted to contact him, he had no attachable assets, nothing worth seizing, a skip trace provided no information, and MR. LOOS had filed a Federal Bankruptcy. This qualifies directly under their 2007 procedures manual published on their current website. The FTB cites that when "amount of the debt does not justify the cost of its collection" the debt should be discharged. Government Code § 13940-13944

3.  The FTB shares their collection enforcement with multiple California agencies. Both telephone technicians stated that there is NO administrative hold, offset, attachment, levy or Interagency Intercept Collection from any other California bureau as governed by Revenue and Taxation Code § 19551. As there is no debt listed or stated from any other agency, it would be a farce for the FTB to take refunds due to the LOOS and declare it garnished for another debt. If there is a debt, from 2001 to 2011, the bench should compel the FTB or the Controller to declare it, give Pre-Intercept Notice to the LOOS so the debt may be acknowledged and reviewed. As there is none at this time, the FTB should process all refunds as per California Government Code § 12418, 12419.3.

## VI. INCORRECT APPLICATION OF CODE

1.  The FRANCHISE TAX BOARD states that the LOOS need to file for every year since 2001 up until 2011. This includes years that they previously declared the income was too low to file; but they request that the LOOS file nonetheless. The Revenue and Taxation Code § 18501 state that if the gross amount (of the total 1099s) is less than $20,000.00, it is exempt from filing. The years in question are all 1099 amounts paid. Since my 1st filing in 1982 until the present, the Schedule C deductions have been meticulously stored for days like today. This does not serve the FTB budget to chase a family of 3 that made $14,000 total in one year right after a difficult bankruptcy. The result to the FTB will only be a financial loss and an annoying waste of time for all. If it is a 1099 there is no money for either the FTB or the LOOS. If it is under $20,000.00 – The LOOS' will let it go, if the FTB will let it go.

## VII. REQUEST FOR RELIEF

AARON LOOS asks the court to:

1. To require the FRANCHISE TAX BOARD to place their request, in writing and prove delivery of the same.

2. Discharge the tax filing for all but the last 6 years.

3. To require annual filings on amounts over $20,000.00; but not under $20,000.00

4. Omit ALICE LOOS from this proceeding, from this action and declared that ALICE LOOS does not have a tax burden or collection for the years 2001 to 20012 to the FRANCHISE TAX BOARD.

5. To remove levies against the LOOS' during this administrative reconciliation.

6. To accept, process and close each year before proceeding to the next year.

7. To completely deliver refunds to the LOOS' without rerouting to undeclared debts.


DATED: June 7, 2013 in Seattle, WA.


Respectfully Submitted,


BY: _____

AARON LOOS - Plaintiff

10002 Aurora Ave N. #36

Seattle, WA. 98133

206-249-9949